```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| LAWRENCE THOMAS, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 09-1323 (JBS/JS) |
| v. | |
| CUMBERLAND COUNTY, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, Chief Judge:

    This matter is before the Court on Plaintiff's motion in limine to exclude opinion testimony contained in the deposition of witness Bruce Childres, if Mr. Childres is unavailable to testify at trial. [Docket Item 149.] For the reasons explained below, the Court grants the motion.

    1. The instant action arises out of an attack on Plaintiff Lawrence Thomas while he was being held in the Cumberland County Jail. [Docket Item 1.] Plaintiff alleges that Corrections Officer Fernando Martinez incited the fight during which Plaintiff was injured and/or failed to protect Plaintiff from the other inmates, in violation of his Fourteenth Amendment due process rights, protected under 42 U.S.C. § 1983. [Id.] The facts of this case were set forth at length in an opinion dated December 22, 2011, and are incorporated herein. [Docket Item 121.]

    2. On August 24, 2011, Plaintiff made a motion in limine to exclude "opinion testimony" in Mr. Childres's deposition, dated

July 29, 2009, which suggests that Plaintiff descended the jail staircase with the intent to confront another inmate. [Pl. Br. at 1.] The following exchange is the primary testimony at issue:

> Q. Did the other guy challenge Mr. Thomas to come take his stuff? Is that why Mr. Thomas was coming downstairs?
> A. Yeah, yeah, yeah.
> MR. RIBACK: Object as to form. Go ahead.
> Q. Mr. Thomas, did he come downstairs to confront the guy?
> A. Right.

[Pl. Br. at 1; Childres Dep. Tr. at 18:13-22.] Plaintiff asserts that testimony about Plaintiff's intent should be excluded under Fed. R. Evid. 701(a) because Mr. Childres did not describe "perceived and objective facts" which would permit him to make a conclusion about Plaintiff's intent. [Pl. Br. at 3.]

3. Defendant opposes the motion on the grounds that Mr. Childres was "a witness to the incident" and "it was the knowledge of Mr. Childres to testify the way he did." [Docket Item 154.]

4. The initial question was objected as to form. The question is compound--it is two questions and therefore improper. The objection will be sustained, and the transcript from Tr. 18:13-18 will be stricken. The questioning attorney, Mr. Rothman, did not take the opportunity to correct the deficient form, but then asked a different question, "Mr. Thomas, did he come downstairs to confront the guy?" [Childres Dep. Tr. 18:20-21.]

5. Fed. R. Evid. 701 states in relevant part: "If a witness

2

is not testifying as an expert, testimony in the form of an opinion is limited to one that is (a) rationally based on the witness's perception . . . ." A witness offering lay opinion testimony must have "firsthand knowledge of the factual predicates that form the basis for the opinion." Gov't of the Virgin Islands v. Knight, 989 F.2d 619, 629 (3d Cir. 1993) (ruling that the district court should have permitted an eyewitness to testify that the defendant did not intend to shoot the victim, because the witness also testified that the defendant had never pointed the gun at the victim and never threatened to shoot the victim).

6. The Court finds the Plaintiff's argument persuasive. Here, Mr. Childres's deposition contains no statements based on firsthand knowledge that support the conclusion that Plaintiff intended to confront the other inmate. Mr. Childres's statements are speculative and based on hearsay: "I think [Plaintiff] went in his room to take [the inmate's] stuff, from what I heard. Like I said, I'm still upstairs."[1] [Childres Dep. Tr. at 19:8-10.] Mr.

---

[1] In the Certification of Bruce Childres, dated October 7, 2008, Mr. Childres states that a "Puerto Rican inmate called Lawrence [Plaintiff] downstairs to his cell. I saw group [sic] of Puerto Ricans run downstairs behind Lawrence and surround them [sic]." [Docket Item 149-4]. Mr. Childres confirmed this statement at the beginning of his deposition. [Childres Dep. Tr. at 13:3-15:12.] Such a statement seems to suggest that Mr. Childres himself heard the inmate call Mr. Thomas downstairs, however, Mr. Childres's later statement suggests that he did not have firsthand knowledge of why Mr. Thomas went downstairs. At best, and without further testimony from Mr. Childres, these

Childres clarified that he was on the mezzanine of the cell block when Plaintiff descended the staircase and that he did not see the confrontation, nor did he see the first blow that knocked Plaintiff to the ground. [<u>Id.</u> at 19:19-21.] In addition, Mr. Childres's deposition does not describe any behavior or statements that he witnessed that would justify a conclusion as to Plaintiff's intent. Thus, statements in Mr. Childres's deposition about Plaintiff's intent to confront the other inmate as his motivation for descending the staircase are inadmissible under Fed. R. Evid. 701(a), if Mr. Childres is unavailable to testify at trial.

    7. The Plaintiff's motion to prohibit the use of this speculative testimony will be granted. However, various other portions[2] of Mr. Childres's deposition may be admissible at trial, subject to timely objections. The accompanying Order is entered.

_September 10, 2012_  
Date

_Jerome B. Simandle_  
JEROME B. SIMANDLE  
Chief U.S. District Judge

---

statements are ambiguous and therefore do not constitute an adequate factual basis to support Mr. Childres's statement about Mr. Thomas's intent.

    [2]If the Childres deposition is to be used as testimony at trial, counsel must consider redacting various inadmissible portions, <u>e.g.</u>, Childres Dep. Tr. 5:9 to 10:17 (not under oath); and stray remarks by counsel, e.g. Childres Dep. Tr. 12:24 to 13:1, and 24:16, and 25:9; as well as seemingly irrelevant or redundant portions.